UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TYRONE F. WOOTEN,                                                   05-CV-0048E(Sc)

        Plaintiff,

-vs-                                                                                         MEMORANDUM

JO ANNE BARNHART,                                                                    and
  Commissioner of Social Security,
                                                                                                  ORDER[1]
        Defendant.

---

On January 25, 2005 plaintiff Tyrone F. Wooten ("Wooten") initiated this action pursuant to 42 U.S.C. §405(g) ("the SSA"), seeking review of the final determination of the Commissioner of Social Security ("the Commissioner") denying his application for Social Security Disability Insurance Benefits and Supplemental Security Income ("disability benefits").  On June 28, 2005, the Commissioner filed a motion for judgment on the pleadings.  The following day, on June 29, 2005, Wooten also filed a motion for judgment on the pleadings.  This matter was referred to Magistrate Judge Hugh B. Scott by Order dated July 6, 2005.  On October 3, 2005 Judge Scott filed a Report and Recommendation ("R&R") that the Commissioner's motion for judgment on the pleadings be granted and that plaintiff's motion for judgment on the pleadings be denied. Familiarity with the R&R is presumed and the relevant facts will hence be

---

[1]This decision may be cited in whole or in any part.

discussed only as needed.[2]  Wooten has filed objections to the R&R, the Commissioner has filed a response to such objections and the matter was deemed submitted on the papers as of December 9, 2005.  For the reasons set forth below, Wooten's objections will be overruled and the R&R will be adopted in its entirety.

Wooten applied for disability benefits on June 29, 2001 and, after initial denial, denial upon reconsideration and a timely request for a hearing, appeared for a hearing before an Administrative Law Judge ("ALJ") on October 14 and November 19, 2003.  In a written decision dated November 2, 2004, the ALJ concluded that Wooten was not disabled within the meaning of the SSA.  The ALJ's decision became the final decision of the Commissioner on December 3, 2004 when the Appeals Council of the Social Security Administration denied Wooten's request for a review of the ALJ's decision.

With respect to any review of the Commissioner's final decision, the R&R correctly states that the only issue to be determined by this Court is whether the Commissioner's decision was supported by substantial evidence (Dkt #12, p. 6).  "[C]ourts are [required] to uphold the decision unless it is not supported by substantial evidence or is based on an error of law." *Melville* v. *Apfel*, 198 F.3d 45, 51-52 (2d Cir. 1999).  "It is not the function of a reviewing court to decide *de novo* whether a claimant was disabled *** or to answer in the first instance the

---

[2] The R&R (Dkt. #12) provides a thorough discussion of the facts and legal principles relevant to this action.

inquiries posed by the five-step analysis set out in the SSA regulations." *Ibid.; see also, Townley* v. *Heckler,* 748 F.2d 109, 112 (2d Cir. 1984) ("It is not the function of a reviewing court to determine *de novo* whether a claimant is disabled."). Moreover, where they are supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. §405(g); *see also, Townley, supra* ("The [Commissioner's] findings of fact, if supported by substantial evidence, are binding.").

Both Magistrate Judge Scott and this Court recognize that substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Dkt. #12, p. 6, *citing Richardson* v. *Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co.* v. *NLRB,* 305 U.S. 197, 229 (1938)).

With respect to review of the R&R, Rule 72(b) of the Federal Rules of Civil Procedure requires a *de novo* review of those portions of the R&R to which *specific* written objections have been made. In his objections, Wooten argues that the R&R "did not address" his arguments that the ALJ had not properly weighed the conflicting medical evidence and that the vocational expert's testimony was insufficient (*i.e.*, too vague to be relied upon). The Commissioner responded that, although the objections state that the Magistrate Judge failed to address these arguments, they are actually a mere reiteration of arguments addressed and *rejected* by Judge Scott in the R&R. This Court agrees.

The R&R clearly considered these arguments and rejected them (Dkt. #12, pp. 8 - 10). These two issues were essentially Wooten's entire case as presented to Magistrate Judge Scott. Wooten cannot transform his attempt to re-argue his entire case into "specific objections" (and thereby a *de novo* review) merely by mis-characterizing the Magistrate Judge's rejection of his arguments as a "failure to address" them.

> "It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court [that] are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [R&R], as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary."

*Camardo* v. *Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-382 (W.D.N.Y. 1992) (internal quotations omitted); *see also Dennard* v. *Kelly*, 1997 WL 9785, at *1 (W.D.N.Y. 1997, Elfvin, J.) (discussing *Camardo* and noting that a "proceeding before the Magistrate Judge is not a meaningless dress rehearsal"). The R&R will therefore be reviewed only for clear error. *Barratt* v. *Joie*, 2002 WL 335014, at *1 (S.D.N.Y. 2002) (citing, *inter alia, Camardo* in finding that "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.")

After reviewing the R&R, the administrative record and having considered the arguments made in support of and in opposition to plaintiff's objections, this Court finds no clear error in Judge Scott's conclusion that substantial evidence supported the Commissioner's decision that Wooten was not disabled under the SSA and denying his application for disability benefits.

Accordingly, it is hereby **ORDERED** that plaintiff's objections are overruled, that the R&R is adopted in its entirety, that defendant's motion for judgment on the pleadings (Dkt. #5) is **GRANTED**, that plaintiff's motion for judgment on the pleadings (Dkt. #7) is **DENIED** and that this case shall be closed.

DATED:	Buffalo, N.Y.

August 28, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.